The opinion of the court was delivered by
Duncan, J.
The difference between actions on special contracts
and specialties as to the operation of time,, is well established. In the first, the bar is by positive statutory provision: the statute must be pleaded: non assumpsit infra sex annos — Replication, that he did assume within six years. In the latter, there is no positive legal bar, by analogy to the limitation, as to the time of entry.upon lands. Where the debt has been due twenty years, this is a presumption of payment. This presumption, like other presumptions,, may be removed by proof of acknowledgment of debt, payment of interest, and many other circumstances. The plea is payment, and the presumption is, that the debt, after that lapse of time, has been paid. But, if the obligor acknowledges it has not been paid, the-debt is not renewed by any new promise, nor does it require any inference of that kind, but the presumption "of payment is removed. In' assumpsit, the literal, unqualified acknowledgment, it is to be regretted, has taken a case out of the protection of the statute; but if, at the time of the acknowledgment, any thing be said to repel the inference of a promise, this acknowledgment will not take a case out of the statute of limitations — the cause of action arising on the new-implied promise. The evidence given, in this case, to repel the presumption from lapse of time, was that the defendant said, “ if the plaintiffs would allow a credit of fifty dollars, which appeared on the book account, he would pay the. balance.” This he repeatedly said. Now the book of accounts, to *54 which he referred, showed that the fifty dollars had been credited in the account. The court left-it to the jury to say whether this acknowledgment did not show that the debt had not been paid— did not repel all presumption of payment. The court, with superabundant caution, say, that if the jury believe the acknowledgment detailed by the witness, that this does amount to such acknowledgment by the defendant as the law requires to destroy the legal presuihption of payment; but still instruct them, of its weight they must,judge. The court leave the whole to the jury; that is, whether the presumption, of payment, from the lapse of time, is not removed by the evidence given by the plaintiff, that the'defendant acknowledged that the single bill had not been paid. They likewise left to the jury the credit to be given to, his claim for a deduction of fifty dollars, when he made the acknowledgment, when contrasted with the plaintiff’s book, in which he had credit for :the fifty dollars, on'another account Undoubtedly, the presumption of payment from the mere lapse of time, was repelled by the positive acknowledgment that the debt was not'paid. • The principal foundation of payment stood till it whs contradicted: it was contradicted by the. defendant’s acknowledgment .that the debt was not paid.
The plaintiff in error has failed to substantiate his exceptions to the opinion, and charge of the court, and therefore the judgment should be affirmed.
Judgment affirmed.