# CASES

## ARGUED AND DETERMINED

### IN THE

# *Supreme Court of Errors*

### OF THE

## STATE OF CONNECTICUT.

---

### COIT *against* TRACY and another.

Though the acknowledgment of a debt, by one of two joint debtors, is admissible evidence against both, to take the case out of the statute of limitations; yet such acknowledgment is not, under all circumstances, sufficient for this purpose.

Therefore, where there was a joint indebtedness by *A.* and *B.* to *C.*, growing out of an agency conducted by *A.* and *B.* jointly; and more than twenty years after such agency was ended, during which period the claim of *C.* had lain dormant, *B.* made acknowledgments of the debt, and then, at his own expense, and with a view to obtain an advantage to himself, by a recovery against *A.*, procured a suit to be brought, in the name of *C.*, against *A.* and himself; it was held, that the acknowledgments of *B.*, under such circumstances, were not sufficient to remove the bar of the statute of limitations set up by *A.*

And where, in such case, the evidence regarding the acknowledgments of *B.* and the circumstances under which they were made, consisted wholly of an answer in chancery by *B.* and letters written by him; and the court instructed the jury, that such evidence was not sufficient to repel the defence of the statute of limitations; in consequence of which the defendant obtained a verdict; it was held, that although it was strictly the right of the jury to pass upon the evidence, yet as substantial justice was done by the verdict given, it ought not to be disturbed.

A NEW trial having been granted, pursuant to the decision of this Court, in 8 *Conn. Rep.* 268—278. the cause was tried again, at *New-London, September* term, 1830, before *Daggett,* J.

Coit
*v.*
Tracy.

The plaintiff gave in evidence the same record and proceedings on the bill in chancery brought by *Tracy* against *E. Coit* and *B. Coit*, including the finding and decree of the court, with the answers of the defendants and the accounts and original letters, which were exhibited on the former trial. The plaintiff further gave in evidence the record in the suit of *B. Coit* against *Tracy*, referred to in *B. Coit's* answer to *Tracy's* bill. And it appeared, that on the hearing before the committee appointed in the last mentioned suit, in the month of *June*, 1827, *B. Coit* admitted and declared, that the balance for the recovery of which the present suit is brought, was then justly due from *Tracy* and *B. Coit* to *E. Coit*.

The plaintiff thereupon claimed, that by such acknowledgment of *B. Coit* made before the committee, and his acknowledgment appearing on the record in the case of *Tracy* v. *E. Coit* and *B. Coit*, and the letters of *B. Coit* attached to his answer in that suit, the debt was taken out of the statute of limitations. The defendant *Tracy* claimed, that the debt had been fully paid and satisfied ; and if not, that it was barred by the statute of limitations, and that such acknowledgments of *B. Coit* were not sufficient to remove the bar as to him, *Tracy*. There was no evidence of any acknowledgment of the debt, at any time, by *Tracy ;* and for the twenty-four years previous to the acknowledgment of *B. Coit*, in 1827, the claim of the plaintiff had lain dormant.

The judge remarked, that the only question for the consideration of the jury, was, whether the acknowledgments of *B. Coit* were sufficient to repel the defence of the statute of limitations, as set up by the defendant *Tracy ;* and as all the evidence was in writing, he charged the jury, that such acknowledgments were not sufficient for this purpose. The jury accordingly returned a verdict for the defendant ; and the plaintiff moved for a new trial for a misdirection.

*H. Strong* and *J. W. Huntington*, in support of the motion, contended, 1. That an acknowledgment of a debt, by one of two joint debtors, is, generally, sufficient to take the case out of the statute of limitations as against both. This point is too well settled to require discussion, or even a particular reference to the authorities. [See the authorities cited by *Strong, arguendo,* 8 *Conn. Rep.* 275.]

2. That if any special circumstances existed, in this case,—

such as collusion with the creditor to subject the co-debtor, or an interest in the debtor making the acknowledgment to remove the bar,—these were matters of *fact*, which ought to have been submitted to the jury. The point in controversy was, whether *B. Coit* made the acknowledgments with a fraudulent view or intent. It was peculiarly within the province of the jury to pass upon this point; and the court could not take it from them, because the evidence was *in writing*.

3. That if this were a proper question for the court to decide, it was not decided correctly; as it appears from the evidence, that the acknowledgments were made against the interest of *B. Coit*.

*Goddard* and *Law*, contra, insisted, 1. That the acknowledgments of *B. Coit*. were made under such circumstances, that they were not sufficient to take the case out of the statute. The object of *B. Coit* was to get the money out of *Tracy*, not for the benefit of the creditor, but for his own benefit. The suit was instituted and prosecuted by him. He is in the situation of a witness, who has brought a suit in another's name, and engaged to pay the expenses. *Brandram* v. *Wharton*, 1 *Barn.* & *Ald.* 463. The acknowledgments in question, being made many years after the dissolution of the joint agency, cannot have more effect than an acknowledgment made by one partner after a dissolution of the partnership; which, it is well settled, does not bind the copartner. *Hackley* v. *Patrick* & al. 3 *Johns. Rep.* 536. *Walden* v. *Sherbune* & al. 15 *Johns. Rep.* 409. 424. *Clementson* v. *Williams*, 8 *Cranch* 72. Here was no community of interest between the party making the acknowledgment and the party to be affected by it. 2 *Stark. Ev.* 897.

2. That as the evidence consisted wholly of *B. Coit's* answer in chancery and his letters, the point in controversy depended upon the construction of these writings; which it was the appropriate duty of the court to give.

3. That if, in strictness, the jury should have been suffered to pass upon this evidence; yet as in that case, it would have been proper for the judge to comment on the evidence and shew its insufficiency, a just verdict will not be set aside, on the ground that the charge was too imperative.

BISSELL, J. A new trial is moved for, in this case, on the ground, that the admissions of *Benjamin Coit*, one of the de-

*New-London, July, 1831.*

*Coit*
*v.*
*Tracy.*

fendants, were improperly excluded from the consideration of the jury.

The debt on which the action is brought, was contracted in 1801 ; and the object of the evidence offered was, to remove the bar created by the statute of limitations.

The case was before this Court, at the last term, on the defendant's motion ; and a new trial was granted, on the ground that the Judge had instructed the jury, that these same admissions of *Benjamin Coit* were good and sufficient, to take the case out of the statute of limitations.

In giving the opinion of the Court, in that case, *Daggett*, J. remarks : " It appears, in this case, that there was a joint agency, conducted by the defendants, and ended more than twenty years before the admissions of *Benjamin Coit.* It also appears, that he procured the commencement of the suit, and in some way, no matter how, promises himself an advantage, by a recovery against the defendant, *Elisha Tracy.* To declare that acknowledgments, made under such circumstances, shall have the effect of removing the bar, would be a perversion of the principles, on which such testimony is admitted." 8 *Conn. Rep.* 268. 277.

The principles adopted in that decision, seem to me to be entirely decisive of the present motion. The circumstances under which the testimony was offered, have not changed. The evidence offered, on both trials, is precisely the same. It is all in writing, and consists of the letters of *Benjamin Coit,* addressed to the plaintiff. His interest is the same as on the former trial ; and now, as then, his admissions constitute all the evidence adduced to remove the bar. That they are not sufficient for that purpose, has been already decided. Can we now say, they are sufficient ? If not, it is difficult to see upon what grounds, this motion can be sustained.

It is, however, said, that the evidence was admissible ; that it was the province of the jury to weigh it ; and that it ought not to have been withdrawn from their consideration. I think the evidence was strictly admissible ; and that it would have been more in conformity to the decisions, as well as to the usual course of proceeding, for the Judge to have left the evidence to the jury, accompanied with such remarks as the nature and circumstances of the case required. Yet still, his not having done so furnishes no ground for a new trial, if we can see clearly, that substantial justice has been done, and that

the evidence ought not, and could not, have had the effect of removing the bar.

In the case of *Daggett* v. *Tallman*, decided at the last term, in *New-Haven* county, 8 *Conn. Rep.* 168. the defendant had pleaded full payment to an action on a note of hand. The only evidence given, on the trial, in support of this plea, was the deposition of one *Church*. The plaintiff offered the deposition of one *Hepburn*, to discredit *Church*. On an objection taken, the deposition was admitted and read in evidence to the jury. This Court held, that the deposition was improperly taken, and ought to have been rejected ; yet as we were satisfied from the intrinsic evidence, furnished by *Church's* deposition, and from other circumstances, that he was entitled to no credit, we refused to disturb the verdict.

In this case, the effort was to revive a claim, that had lain dormant, for more than twenty years. The suit was commenced and prosecuted, by the man, whose admissions were alone relied upon to take the case out of the statute, and whose interest was disclosed upon the face of the admissions themselves. Under such circumstances, it can hardly be said, that there was evidence for the jury to weigh. Much less can it be said, that it ought to have procured a verdict for the plaintiff.

The motion for a new trial must, therefore, be overruled.

The other Judges were of the same opinion.

New trial not to be granted.