Mr. Justice Thacher
delivered the opinion of the court.
In 1846 an action of debt was instituted by Manning upon two bills single, executed by Mann in 1837, in favor of Southall, and by Southall assigned to Manning in 1846.
Upon a plea of solvit post diem, the jury found for the plaintiff in the circuit court, and the cause is brought here upon the judgment of that court, overruling a motion for a new trial. The record presents to us but the question of fact, whether the jury found correctly upon the evidence. ■
It seems necessary to repeat that this court will not grant a new trial, unless the preponderance of the testimony be greatly against the finding of the jury, especially where there is conflicting testimony, and no instructions were called for upon the trial. 3 How. 219; 4 Ib. 338; 7 Ib. 340; 1 S. & M. 381; 5 Ib. 21.
The defence relied upon was, the presumption of payment from the lapse of time since the execution of the bills, together With additional circumstances tending to prove payment.
This presents a defence peculiarly within the consideration of a jury; so much, so, that a very extreme case of erroneous finding must be shown, to warrant its being set aside. It is a finding altogether upon presumptions which are perhaps better *619 resolved by a jury than any less number of persons, where no question of law has arisen to confuse or mislead the jury.
The lapse of time in this instance, nine years, is very short by analogy to the statute of limitations, which governs instruments of the same date of these, to wit, sixteen years, since the statute of 1844, reducing the limitation to seven years, has not yet run so as to control such instruments. It is true that it is admitted that the lapse of time is not, of itself, sufficient to raise the presumption of payment; but it may likewise be seriously questioned whether the time is not too short, even with additional circumstances, to warrant the presumption of payment within that time.
The bills were executed in the state gf Tennessee, and Mann removed to Mississippi in 1840, and Southall in 1842. Mann was proved to have been at all times responsible for and prompt in his payments. It was not until 1840 that Southall’s pecuniary embarrassments appear to have commenced. During the period from the date of the bills, (and they were payable on demand, to the commencement of Southall’s money difficulties,) he may have had no occasion to collect their amount, and his not doing so up to this time, is not a strong circumstance against him. The presumption of payment is repelled during the time that Mann was in Mississippi, and previously to Southall’s removal there; for such presumption may successfully be resisted by the removal of a debtor to another state of the Union, though this be an adjoining state. Shields v. Pringle, 2 Bibb, 387; Daggett v. Tollman, 8 Conn. 168. There remain but four years, in which additional circumstances can be applied. The facts disclosed from this time, to be sure, tell strongly against Southall, but, nevertheless, they are sufficiently repelled by Mann’s conduct when the bills were presented him for payment by the assignee and holder. He declared that he would ascertain from Tennessee whether the notes had not been paid, and if not, that he would pay them. He took no steps upon this declaration. Eustace v. Gaskins, 1 Wash. 188; McDowell v. McCullough, 17 Serg. & Rawle, 51, 53. The jury may also have weighed Southall’s confession on one occasion, that he had *620 not either money or notes wherewith to pay his debts, with his lamentations for the distressed condition of his six children, bereaved of their mother, and placed small reliance upon it.
Altogether we are not disposed to interfere with the convictions of the jury upon the evidence.
Judgment affirmed.