Clark *v.* Clement.

## CLARK, Adm'r, *v.* CLEMENT and Trustee.

If an individual dies possessed of estate in different governments, administration may be granted in each government where the property is situated. The principal administration is granted in the State or government of the domicil of the deceased, and the other administrations are ancillary, or auxiliary to the principal one.

As a general rule, all contracts for the payment of money, whether sealed or unsealed; all mortgages, bonds, judgments, notes, accounts, &c., are presumed to be paid after the lapse of twenty years.

The presumption of payment arising from the lapse of time is not an absolute bar, like the statute of limitations, but may be rebutted by various circumstances showing non-payment.

ASSUMPSIT, brought by the plaintiff, as administrator of the estate of Moses N. Clark, deceased, to recover three hundred dollars, for money had and received by the defendant to the use of the deceased. The specification consisted of two notes, payable to the deceased, or bearer, on demand, with interest; one dated Danvers, September 1, 1829, for $53.00; and the other, Brooklyn, Ohio, March 1, 1834, for $63.25. The writ was dated February 9, 1853, and was served the next day on the trustee, and by an attachment of the defendant's real estate in Claremont, in said county of Sullivan. The defendant not having been an inhabitant of this State, no further service was made. The action was entered at the August term, 1853, of

the common pleas, and notice of the pendency of the same was afterwards given by publication in the Argus and Spectator. At the February term, 1854, the defendant appeared, and the action was referred to a commissioner to try the facts. No pleadings have been filed to the action.

It was agreed that the facts would have been found and reported by the commissioner, as follows, and that the court might render judgment thereon.

On the first day of September, 1829, the defendant gave to the deceased the promissory note first described in the specification—the parties to the note then residing in Danvers, Mass. On the first day of March, 1834, the defendant gave to the deceased the note secondly described in the specification—the parties to the note then residing at Cleveland, Ohio. Said notes were given for good and sufficient considerations. The defendant and the deceased were born in, and were inhabitants of, Claremont until January 1, 1829, but not afterwards.

After this the deceased was, for four or five years, in business in Massachusetts, a year or two in Ohio, and about 1836 went to reside in Joliet, in Illinois, where he continued to reside until his death, in 1838. The defendant, after January 1, 1829, resided in Massachusetts several years; in Ohio a few years, and about 1835 or 1836 went to Clinton, N. Y., where he has since resided. The defendant was never married. The deceased was married in April, 1838. Moses Clark, of said Claremont, father of the deceased, was, on the application of Sarah Clark, wife of the deceased, appointed administrator of the deceased, by the court of probate for the county of Sullivan, May 15, 1839, and gave bonds as the law directs. An inventory of the property of the deceased was returned to said probate court; the property inventoried, consisting of the notes set forth in the plaintiff's statement of facts, together with other notes, amounting to $474.80; also a silver watch, appraised at $8.00, and various articles of household furniture, appraised at $56.72. Of the property so inventoried, all of said notes and one bed and the bedding for the same, were at said Claremont at the time of

his decease, in the possession of his father. The other articles were brought from Illinois after his decease, but before the appointment of said administrator.

An allowance was made by the judge of probate to the widow of the deceased, July 9, 1836, amounting to $56.72.

On the 30th of March, 1853, said Moses Clark, having previously deceased in 1851, the plaintiff, a brother of the deceased, and one of his heirs-at-law, was appointed, by the judge of probate for the county of Sullivan, administrator of the estate of said Moses N. Clark, not before administered by his father, and gave bond according to law, and returned an inventory to the probate court, consisting of the two notes set forth in the specification, and two other notes against the firm of Clement & Bowen; one for $230, dated Cleveland, Ohio, Feb. 29, 1834, and the other for $100, dated Cleveland, Ohio, April 16, 1834. The plaintiff was at the same time administrator of the estate of his said father. The said notes included in the last mentioned inventory were in the custody of Moses Clark at the time of his decease.

Since the first day of January, 1829, the defendant has not left or had any property or estate in the State of New-Hampshire that could, by the common and ordinary process of law, be attached, until the death of his father, Bartlett Clement, of Claremont, who died in 1844. Said Bartlett by his will gave the defendant one undivided eighth part of his farm in Claremont, subject to a life estate of his widow, Sarah Clement. On the 14th day of February, 1846, the defendant mortgaged his interest in said farm for all or near its value.

Sarah Clement, the mother of the defendant, died in August, 1852, when the defendant came into possession of said eighth part of his father's farm, which is attached on the writ in this action, and entitled to his distributive share (being one eighth part,) of his mother's personal estate, which is in the hands of the trustee, as her administrator.

*Snow*, for the plaintiff.

If the original administration was valid (which seems to be

conceded,) the administration *de bonis non* must be also. Comp. Stat., chap. 167, sec. 7. The fair construction of the statute under which this action is brought is, that whenever a person is so situated that he can bring an action under it, it confers upon the judge of probate in the county where the action is brought, authority to grant to such person a letter of administration.

Promissory notes are not only *bona notabilia* where the debtor resides, but also where the debtor has property that can be reached by process of law. The circumstances of the case rebut the presumption that the note dated September 1, 1829, has been paid. 1 Greenleaf's Ev., sec. 39. During the thirteen years that Moses Clark was administrator, no action could have been brought on the note within this State, for the reason that such administrator had no authority so to do, and no action could have been brought within this State during that time, because there was neither the person nor the property of the defendant upon which it could operate.

*Cushing, Freeman & McClure*, for the defendant.

The court will presume that the note made September 1, 1829, has been paid—more than twenty years having elapsed since the making of the same. 1 Greenl. Ev., sec. 39.

Promissory notes are *bona notabilia* in the State where the debtor resides, and not elsewhere. Administration *de bonis non* can only be granted where there are *bona notabilia*, not administered. Comp. Stat., chap. 167, sec. 7 ; Story Confl. Laws, sec. 514, and notes.

The debts not being *bona notabilia* here, the administrator appointed here has no right to collect them, and payment to him would not bar an action by an administrator where the debtor resides. *Thompson* v. *Wilson*, 2 N. H. 291 ; *Willard* v. *Hammond*, 1 Foster 382 ; *Pond* v. *Makepeace*, 2 Metcalf 114 ; *Goodwin* v. *Jones*, 3 Mass. 514 ; *Wheelock* v. *Paine*, 6 Cushing 288.

The fact that the notes in suit were in New-Hampshire at the time of the decease of Moses N. Clark cannot make the defend-

ant chargeable. An attachment of the defendant's property in this State cannot give jurisdiction to the probate court or this court of a case which belongs exclusively to the courts of New-York. *Stevens* v. *Gaylord*, 11 Mass. 256.

EASTMAN, J. When an individual dies possessed of estate in different governments, it is in general necessary that an administration should be granted in each government where the property is situated. This may not be required where the estate is solvent and the property consists of real estate only, but the rule applies to all other cases that now occur to us.

The principal administration is granted in the State or government of the domicil of the deceased, and the other administrations are ancillary or auxiliary to the principal one.

An executor or administrator, appointed in the place of the domicil, cannot, by virtue of that appointment, prosecute suits in any other State or foreign government, or claim to be recognized there as a representative of the deceased; nor can he be made answerable as such in any State other than that in which he has received letters of administration, or done acts which may subject him to liability as executor in his own wrong. *Morrill* v. *Dickey*, 1 Johns. Ch. 153; *Doolittle* v. *Lewis*, 7 Johns. Ch. 45; Story's Conflict of Laws 422; *Goodall* v. *Marshall*, 11 N. H. 88; *Willard* v. *Hammond*, 1 Foster 382.

At the time of the decease of Moses N. Clark some articles of household furniture and a watch belonging to him, as well as the notes in suit, were in this State, and administration was properly granted here on his estate to his father, Moses Clark. In 1851 Moses Clark, not having completed the settlement of the estate, died; and upon his decease administration *de bonis non* was granted to the plaintiff. At this time the defendant had property in this State upon which the notes or a part of them might be secured, and subsequently had further rights in real estate, and an attachment of the same has been made by the plaintiff. This administration was, therefore, rightfully granted, that the notes might be collected, and the avails of the same, or

the balance thereof upon the settlement of the administrator's account, might be transmitted, if so ordered by the probate court, to the place of domicil of the deceased. The authorities already cited show such to be the rule, and the plaintiff is, therefore, rightfully in court as the representative of the deceased.

The statute of limitations has not been pleaded, and consequently it becomes unnecessary to consider the questions that might have arisen upon the case had such a plea been interposed. We think, however, that it could not have availed the defence. The statute of limitations which is to control, is that in force at the time and place when and where the suit is brought. *Gilman* v. *Cutts*, 3 Foster 381, and authorities there cited. And by our statute these notes would have been saved from its operation, the defendant having never been a resident of the State since the notes were given.

The real estate of the defendant having been attached in this suit, the plaintiff must have judgment unless the notes are barred by the general rule of law, independent of the statute of limitations.

The general rule is, that all contracts for the payment of money, whether sealed or unsealed; all mortgages, bonds, judgments, notes, accounts, &c., are presumed to be paid after the lapse of twenty years, if there is no evidence to repel the presumption, and to show that the debts are still unsatisfied. Matthews on Presumptive Ev. 379; 1 Phil. Ev. 160; 1 Greenl. on Ev., sec. 39; *Hopkinton* v. *Springfield*, 12 N. H. 328; *Bartlett* v. *Bartlett*, 9 N. H. 398; *Jackson* v. *Sackett*, 7 Wendell 94; *Rodman* v. *Hooper*, 1 Dallas 85; 8 Conn. 168; 8 Pick. 187.

Some authorities hold that the presumption of payment arises in less than twenty years, but these are exceptions to the general doctrine upon the subject.

But in *Du Belloix* v. *Ld. Waterpark*, 1 Dowling & Ryland 16, the rule is held not to apply to simple contracts, on the ground that actions on such contracts are covered by the statute of limitations, which must alone govern; and the doctrine as to simple contracts is said to be changed in England in this re-

Clark *v.* Clement.

spect. The rule, however, is believed to remain unchanged in this country, and has been stated in broad terms in this State, as the cases above cited will show.

The presumption of payment arising from lapse of time is not an absolute bar, like the statute of limitations; but is only evidence from which the inference is to be drawn that the debt has been satisfied, and may be rebutted by various circumstances. Where it is entirely unexplained, a jury ought to draw the conclusion of payment; but there may be many circumstances which it is proper˙ should be considered in determining the question. *Oswald* v. *Legh,* 1 Term 270 ; 1 Burr. 434 ; 8 Mod. 278 ; 3 P. Williams 288 ; *Darwin* v. *Upton,* 2 Saund. 175, b ; *Campbell* v. *Wilson,* 3 East 298 ; 70 Johns. 415 ; 16 do. 214.

An admission within twenty years that the debt is due, or a payment of interest, removes the presumption. *McDowell* v. *McCullough,* 17 Serg. & Rawle 51 ; 6 Vesey 519 ; 2 Washington's C. C. 323. So inability to pay, as poverty, has been held sufficient. *Fladong* v. *Winter,* 19 Vesey 196 ; *Daggett* v. *Tallman,* 8 Conn. 168, 176 ; 3 Mann. & Ryland 119. Insolvency, also, or a state approaching it. *Boardman* v. *DeForest,* 5 Conn. 1 ; 12 Ves. 266. So that the parties were near relations. 12 Ves. 266.

Another answer is, the long continued, permanent absence of the debtor. *Newman* v. *Newman,* 1 Starkie 101 ; *Shields* v. *Pringle,* 2 Bibb 387 ; 8 Conn. 168 ; 19 Ves. 200.

Or absence abroad, as where the creditors resided in England and the debtor in the United States. *Bailey* v. *Jackson,* 16 Johns. 210 ; *Goldhawk* v. *Duane,* 3 Wash. C. C. 323.

If any disability exist where the right accrues, such as infancy, coverture and the like, these must be removed before the twenty years begin to run. *Jackson* v. *Johnson,* 5 Cowen 74 ; 4 Taunton 830.

One of the notes in suit was dated September 1, 1829, and the other March 1, 1834, and this suit was commenced February 9, 1853. The presumption, therefore, is, that the first note had been paid and the other not. Is there anything in the facts

Clark *v.* Clement.

stated, to remove the presumption of payment as to the first note ? At the time of the decease of the plaintiff's intestate, this note had been due about nine years ; and for the first six or seven years of that time the parties to it had resided in the same places. During that time there is no evidence either way in regard to the payment or non-payment of the note. Since the decease of Clark the circumstances under which the notes have been held show that payment has not been made. This is quite apparent from the facts stated by the commissioner.

Upon the report of a commissioner the court are required to render such judgment as is warranted by the facts reported, unless one of the parties elect to try the case by a jury. Comp. Stat., chap. 181, sec. 33.

What the decision of a jury might have been, had the case been submitted to them, is of course unknown ; but the facts appear to us to rebut the conclusion that the note was paid. They reduce the time to nine years ; and the parties being acquaintances of long standing, and apparently on terms of friendship, it would not appear to be very unusual that the note should remain unpaid.

The twenty years on the other note had not elapsed before suit brought, and the presumtion of payment does not arise in that case ; and upon a view of all the facts we think there should be judgment for the plaintiff for the amount of both notes, and interest.