BAILEY
v.
JACKSON

———◦✳◦———

## BAILEY *against* JACKSON.

*An action for rent reserved by indenture of lease is not within the statute of limitations: but where more than twenty years, before the commencement of the action, have elapsed since the last quarter's rent became due, payment of the rent will be presumed. But as the presumption of payment is not a legal bar, it may be repelled by circumstances; and where the lease was made in England, of land in that country, it was held, that the subsequent removal of the lessee to the United States, his denial that he had ever paid rent, or executed the lease, and the continual residence of the lessor in England, were circumstances to rebut the presumption.*

*Where a subsequent disability of the plaintiff to sue arises, the period of such disability is, in cases of presumption arising from lapse of time, (though it is otherwise under the statute of limitations,) to be deducted from the twenty years: and, therefore, if after the cause of action accrued, he becomes an alien enemy, the whole time of the continuance of the war must be excluded from the calculation.*

THIS was an action of covenant on an indenture of lease. The cause was tried before Mr. J. *Van Ness*, at the *Rensselaer* circuit, in *July*, 1818.

The declaration set forth a lease dated the 28th of *August*, 1792, from the plaintiff to the defendant, of a certain piece of land, for the term of one thousand five hundred and fifty years, at the yearly rent of 12 pounds, 15 shillings and 6 pence, lawful money of *Great Britain*, payable quarterly, and the breach assigned was, that on the 25th of *December*, (one of the quarter days,) in the year 1794, the sum of 28 pounds, 14 shillings and 10 pence, (of the value of 129 dollars and 38 cents,) of the rent for two years and a quarter, was in arrear, and unpaid. The defendant pleaded *non est factum*, with notice that he should give in evidence a surrender of the lease by the defendant to the plaintiff; a re-entry on the premises by the plaintiff, for want of sufficient distress; and a payment of the rent by the defendant to the plaintiff.

On the trial, it appeared, that the premises were situate in *Manchester*, in the county of *Lancaster*, in *England*, and both the plaintiff and defendant were described in the lease as inhabitants of *Manchester*. The plaintiff having proved his declaration, and rested his cause, the defendant contended, that he ought not to recover, on the ground, that from the lapse of time since the rent became due, it must be presumed to have been paid.

To rebut the presumption of payment, the plaintiff produced a witness, who testified, that on the 10th of *June*, 1816, he called upon the defendant, and demanded the rent due on the lease mentioned in the declaration, as well as on another lease ; but that the defendant refused payment; alleging that he was not *the Samuel Jackson* described in, and who had executed those leases. The witness also stated, that at the time of making the demand, he showed the defendant that part of a statement of the rents due on the two leases, which admitted a payment up to the 29th of *September*, 1793, and that the witness then observed to the defendant, that he had paid something on account of one of the rents ; to which the defendant replied, that it was not so, and that he had never paid any thing on account of either of them. The defendant admitted to the witness, that he formerly resided in *Manchester*, and left that place, for this country, in 1794 or 1795, but which year the witness could not recollect. The witness stated, that he had been informed, and verily believed, that the plaintiff had always resided in *England*. Another witness testified that the defendant had resided in the county of *Montgomery* for the last fourteen years.

The jury found a verdict for the plaintiff, subject to the opinion of the Court, on the question whether, under the circumstances of the case, payment of the rent could be presumed from the length of time which had elapsed since it became due.

*A. Paine* and *J. Paine*, for the plaintiff. The period fixed by the statute of limitations, (1 *N. R. L.* 184. sess. 24. ch. 183. s. 2.) for actions concerning lands, avowries, &c. is 25 years. In *England*, it is 50 years. This, however, applies

to cases only, where the rent is founded on *seisin* or possession; not where it is reserved by deed. (*Co. Litt.* 115. *a. Foster's case,* 8 *Co.* 64. 3 *Cruise's Dig.* 540. 562 ) The presumption of payment, from the lapse of time, is in analogy to the statute of limitations. Mere length of time, short of the period fixed by the statute of limitations, unaccompanied with *circumstances,* is not a sufficient ground for the presumption of a release or extinguishment of a quit rent. (*Eldridge* v. *Knott,* Cowp. 214. 1 *Johns. Ch. Rep.* 363.) A presumption which is to defeat a right, is different from a presumption *to* support a right. (*Philips' Ev.* 118.) The presumption of rent being paid, must depend on the existence of a right to demand and receive the rent. (*Decker* v. *Livingston,* 15 *Johns. Rep.* 479. 483.) There must be two presumptions, first, as to the right, and next, as to the payment; but there was nothing in this case from which a jury could presume payment of rent. It may, perhaps, be said, that an extinguishment of the rent might be presumed. But no neglect of payment of rent, however long, unless accompanied with a denial of the plaintiff's right, would be evidence of an adverse possession. (*Cowp.* 217. 7 *East,* 299.) And if the facts would not warrant the presumption of an adverse possession, *a fortiori,* it will not authorize a presumption of the extinguishment of the rent. Then, we contend, that no period short of 25 years will authorize the presumption of payment or extinguishment. Besides, if the time of the late war, and the time since the demand of the rent in *June,* 1816, are deducted, the period will be less than 20 years. (2 *Cranch.* 184. 11 *Johns. Rep.* 376. 1 *Term Rep.* 271. *Tidd's Pr.* 21. 6 *Mod.* 22.) And no period, short of 20 years, will warrant the presumption. (1 *Campb. N. P.* 27. *Phillips' Ev.* 114. 11 *Johns. Rep.* 375, 376.)

Again; there are circumstances in this case sufficient to rebut the presumption. Part of the rent became due within 20 years, and in analogy to the decisions as to the statute of limitations, in regard to the *items* of an account, a part of the rent being within the period, will take the whole out of the operation of the statute. The declaration of the defendant, that he had never paid any rent, is sufficient to repel

the presumption from lapse of time. (*Smedes* v. *Hooghta-* ling, 3 *Caines' Rep.* 48. *Danforth* v. *Culver*, 11 *Johns. Rep.* 146. 2 *Bac. Abr.* 660. *Evidence*, (*H.*) The defendant having left *England* for so many years, furnishes a reason for the rent not being demanded, and is another circumstance which goes to rebut the presumption of payment.

*Woodworth*, contra. This is an action of covenant for rent, founded on privity of contract, not on *seisin* or possession; and the cases cited, as to the analogy of the second section of the statute of limitations, do not apply. The only question is, whether the Court will not presume, from the lapse of 20 years, that the rent has been paid. The lease was executed in 1792, and the suit is for rent due in 1794, and the first demand of rent was in *June*, 1816. Deducting even two years and seven months, for the period of the late war, there remain 20 years; but the true time of demand is the commencement of the suit in *October*, 1817. The jury might and ought to presume payment of the rent in such a case. (*Phillips' Ev.* 114.)

But we contend, that the period of the war ought not to be deducted. The presumption is founded on analogy to the statute of limitations; and should be governed by the same rules. (4 *Burr. Rep.* 1963.) When the statute of limitations has once begun to run, it continues, notwithstanding any intervening disability.(*a*) It is not denied, that if war had existed, when the time had commenced to run, the period of the war must be deducted, and such was the case of *Dunlop* v. *Ball*, (2 *Cranch*, 180.) which does not, therefore, apply to this case. In *Jackson* v. *Pierce*, (10 *Johns. Rep.* 414.) more than twenty years had elapsed, exclusive of the period of the war. In *Clarke's Executors* v. *Hopkins*, (7 *Johns. Rep.* 556.) the court said, that it had been decided, that after 18 or 20 years, a bond would be presumed to have been paid; and that the obligee ought to show a demand of payment, and acknowledgment of the debt, to repel the presumption.

As to the admissions of the defendant, the whole conversation must be taken together; (3 *Johns. Rep.* 426. 9 *Johns.*

(*a*) Vide *Demarest* v. *Wynkoop*, 3 *Johns. Ch. Rep.* 129. 136.

*Rep.* 141.) and he denied that he ever was the lessee of the plaintiff.

SPENCER, Ch. J. delivered the opinion of the Court.

It is conceded that the rent demanded in this action having been created by deed, of which the commencement is shown, is not within the statute of limitations; and the only point is, whether payment of the rent can be pre-sumed from the lapse of time? The last quarter's rent became due on the 25th of *December*, 1794.

The presumption of payment, founded on the efflux of time, has been applied to bonds, and even mortgages; and there is no reason to exempt a lease, reserving a pecu-niary rent, from the operation of the rule. The general period for this presumption, which has been adopted, is twenty years. A bond which has been suffered to lie for twenty years may be presumed to be paid; so, also, after a lapse of twenty years, a mortgage will be presumed to be satisfied, where the mortgagor has been in possession, and no interest has been paid, nor any step taken to enforce the mort-gage. (*Philips' Ev.* 117, 118, 119. 4 *Cranch*, 415. 12 *Johns. Rep.* 242. 10 *Johns. Rep.* 414. 1 *Pow. on Mortg.* 408. 1 *Treat. on Equi.* 332. n. 2 *Vesey*, 266.) It has been decided, that payment may be presumed within that time, if attended with circumstances strengthening the presumption. (10 *Johns. Rep.* 381.) The presumption arising from lapse of time may be repelled by circumstances explaining satis-factorily why an earlier demand has not been made. This Court observed in *Jackson* v. *Pierce*, (10 *Johns. Rep.* 417.) that the twenty years is only a circumstance on which to found the presumption, and is not, in itself, a legal bar; and in that case, the period of the *American* war was deducted. The same thing must be done in this case, as respects the late war, on the same principle; for here the plaintiff was disabled to sue during the war. This is not like a statute bar, which, having once begun to run, will continue, not-withstanding a subsequent disability occurs. There are various other circumstances in this case: The removal of the defendant from *Manchester*, in *England*, to this country, even after the acceptance of the lease; the plaintiff re-

maining in *England*, ignorant, in all probability, of the defendant's residence ; the fact, that the defendant denied having paid any rent, or of his having entered into the lease, arising, probably, from frailty of memory ; all these facts unitedly rebut the presumption of payment of the rent. Indeed, deducting two years and eight months, there will be only about one quarter's rent which has remained for twenty years, before the rent was demanded and payment refused, and even a liability to pay positively denied.

Judgment for the plaintiff.