Fellers *v.* Lee.

Same Term.    *Before the same Justice.*

Fellers and others *vs.* Lee and others.

The memorandum of the day of filing, endorsed by the clerk on the original bill of complaint, is a part of the record, of which the court will take judicial notice, for the purpose of ascertaining the time of the commencement of the suit.

Where it appears on the face of the bill of complaint that the plaintiff's claim is barred by the statute of limitations, the defendant can avail himself of that defence by demurrer.

Fellers *v.* Lee.

But where the statute does not make the lapse of time an absolute bar, but merely raises a presumption of payment, the defendant can only avail himself of that presumption under a plea of payment, or an allegation of payment, in his answer.

Where a bill was filed to foreclose a mortgage, and it appeared on the face of the bill that more than twenty years had elapsed since the money, secured by the bond and mortgage, became due; *held* that the defendant could not insist upon the lapse of time, as a defence, by demurrer.

IN EQUITY. The bill of complaint in this cause alleged that on the 6th of January, 1823, John P. Fellers executed, under his hand and seal, and delivered to James Burt, a bond in the penalty of $300, conditioned for the payment of $150 within two years from the date thereof; and that the same was secured by a mortgage, of the same date, on the premises described in the bill. The assignment of the bond and mortgage to the plaintiffs was also alleged; and it was stated that $150 and interest from January, 1823, remained due and unpaid, and that no proceedings had been had at law to collect the same. The bill further stated that Michael Lee, and others named therein, had, or claimed some interest in the mortgaged premises, as purchasers, mortgagees, or otherwise, subsequent to the lien of the plaintiff's mortgage, and subject thereto. The bill prayed for a foreclosure. It appeared by a memorandum of the clerk that the bill was filed on the 29th of September, 1847. The defendant Lee put in a general demurrer.

*N. Hill, Jr.* for the plaintiffs.

*E. A. Doolittle,* for the defendant Lee.

PARKER, J. The defendant argues that his demurrer is well taken, because the bill of complaint was filed more than twenty years after the money secured to be paid by the bond and mortgage fell due. It is undoubtedly competent for the defendant, on demurrer to the bill, to shew the time when it was filed, by reference to the memorandum of filing, endorsed by the clerk on the original bill. Such memorandum is a part

of the record, of which the court judicially takes notice. (*Van Hook* v. *Whitlock*, 7 *Paige*, 382.) And the fact is therefore before the court, that more than twenty years elapsed between the time when the money became due and the filing of the bill. But can the defendant avail himself of this as a defence, on demurrer ?

The rule is well settled, that when it appears on the face of the plaintiff's bill that the suit is *barred* by lapse of time, the defendant may demur to the bill on that ground. (*Humbert* v. *Trinity Church*, 7 *Paige*, 195. *Van Hook* v. *Whitlock, Id.* 373, *and cases there cited.*) An examination of these authorities, however, shows that this rule is only applicable to cases where there is an absolute bar, as by the statute of limitations. Such was the case in *Humbert* v. *Trinity Church ;* the suit not having been brought within the twenty years after the right of entry accrued, as prescribed by statute. The language of the statute is that " no action for the recovery of any lands, &c. or the possession thereof, shall be maintained, unless it appear that the plaintiff, &c. was seised, or possessed, &c. within twenty years before the commencement of such action." (2 *R. S.* 293, § 5.) The bar was thus absolute, at law, and the chancellor held that time was " as absolute a bar to discovery and relief in equity, as it would be in a suit at law, in analogy to the statute of limitations."

*Van Hook* v. *Whitlock* was a case in which the suit was barred by the statute of limitations. That statute required the suit " to be brought within three years after the cause of action accrued, and not after." But the objection here interposed to the plaintiff's demand rests upon a different ground, viz. upon presumption of payment. The *statute does not bar the action*, as in other cases, but it provides that after the expiration of twenty years from the time a right of action shall accrue upon any sealed instrument for the payment of money, such right shall be presumed to have been extinguished by payment. (2 *R. S.* 301 § 48.) The defendant can only avail himself of this presumption, under an allegation of *payment*. Having alleged payment, the presumption sustains his plea, in place of evi-

dence, and casts upon the plaintiff the necessity of rebutting such presumption in the mode pointed out by statute.

The rule on this subject is thus stated in Cowen and Hill's Notes to Phillips' Ev. 316: "In all cases of presumptive payment at law, or in equity, the proceedings must contain an averment of payment; otherwise the presumption cannot be raised. (*Tibbs' heirs* v. *Clark*, 5 *Monroe*, 526. *See also Cowen & Hill's Notes*, 350, 351, *and the cases there cited.*) In *Jackson* v. *Pierce*, (10 *John. Rep.* 417,) the supreme court held that the twenty years was only a circumstance on which to found the presumption, and was not in itself a legal bar. And the same doctrine is reiterated in *Bailey* v. *Jackson*, (16 *John.* 210.)

I think the distinction on which this doctrine rests was fully recognized in *McDowl* v. *Charles*, (6 *John. Ch. Rep.* 132.) In that case there was a demurrer interposed to the bill of complaint; and one of the causes of demurrer assigned was, "Because the demand has become stale by lapse of time, and no fact is stated to rebut the presumption of payment." In delivering the opinion, Chancellor Kent said, "As to the lapse of time, that is not a ground for demurring to the bill. It is short of twenty years between the time when the bond fell due, and the commencement of the suit; and even if it went beyond that time, the delay may be accounted for, and the presumption repelled. It is matter of evidence, and not a case of an absolute bar under the statute of limitations. The defendant may set up the lapse of time in his answer, and the plaintiff will have an opportunity to repel any inference to be deduced from the age of the demand; and that opportunity he would be deprived of if the demurrer was to be sustained." The same rule had previously been held in that court, in *Livingston* v. *Livingston*, (4 *John. Ch. Rep.* 287.) That was a bill filed for the collection of rents. The defendant answered, but did not allege payment in his answer. On the hearing, the defendant's counsel claimed that the rent was to be presumed to be paid and satisfied by lapse of time; and upon that point Chancellor Kent said, "The last objection is of no force. How can the

lapse of time be brought in as presumptive evidence of pay-ment, when the defendant, in his answer, admits the original covenant to pay, and does not pretend to any payment? Time operates in equity ·only by way of evidence." The lapse of time, in that case, was over twenty years, and the rule as to presumption of payment was the same then as it is now. Our present statute is but an enactment of the previously well set-tled common law rule. The necessity for pleading payment, to enable a defendant to avail himself of the legal presump-tion, is also recognized in *Story's Eq. Pl.* §§ 757, 759.

This was not a case, therefore, in which the plaintiff was bound to aver, in his bill, any fact made, by statute, necessary to rebut the presumption of payment. If, however, the cause of action was barred by statutory limitation, it would have been incumbent on the plaintiffs to allege, in their bill of complaint, the facts on which they relied to take the case out of the statute.

The defendant has another difficulty to encounter, in at-tempting to sustain his demurrer. It is alleged in the bill that the whole amount of the money secured by the bond and mort-gage remains due and unpaid; and this fact is admitted by the demurrer.

The demurrer must be overruled, and the defendant must pay the costs and answer within twenty days; or the bill must be taken as confessed.