DEXTER BREWER *versus* NATHANIEL THOMES.

The Rev. Stat. c. 146, § 25, does not make the twenty years a bar, but creates a presumption of payment. It is like the common law provision, presuming a bond to be paid, after a lapse of twenty years, and may be rebutted. Testimony, therefore, tending to rebut the presumption *is* admissible in evidence.

Where there appeared in evidence, — the poverty of the debtor, — a demand of payment, by the creditor, — and an answer by the debtor, to the demand, " that he would come up soon, and do something about it," — *it was holden by the Court*, that this was sufficient evidence, to repel the presumption of payment, arising from a lapse of time, of more than twenty years.

DEBT on a judgment, in favor of the plaintiff and his deceased partner, against the defendant, recovered at the court of common pleas for the county of Cumberland, at June Term, 1825, for $68,52, debt, and $16,79, costs of suit. The writ was dated June 1, 1846.

The case came before the Court on a statement of facts by the parties, wherein certain testimony was set forth, and objections to portions of it on the part of the defendant.

One witness, a son of the plaintiff, testified, that " about thirteen years ago I was riding into the city with my father, and he saw Mr. Nathaniel Thomes, and he wished Thomes to call on him and settle an execution, which he had held so long against him. The precise answer which Thomes gave I cannot give. ' The purport of it was, that he would come up soon, and do something about it." The witness also stated, that he called at the house of Thomes, but did not see him,. and that a daughter of the defendant made a reply similar to what her father had before said. To this the defendant objected.

The plaintiff introduced other testimony tending to show, that from the knowledge the witnesses had personally, and also from the statements of others, Thomes had been poor and unable to pay demands against him from the time of the recovery of the judgment, until the time of the commencement of the suit. The defendant objected to the admission of any evidence

of the declarations of others, and of all parol evidence whatever.

The defendant pleaded the general issue, a special plea of payment and satisfaction, and the statute of limitations, that the cause of action did not accrue within twenty years.

The parties agreed, that upon the statement of facts, or so much thereof as may be legally admissible in evidence, the court might draw such inferences as a jury might be authorized to draw, and render judgment upon nonsuit or default, according to law.

*Codman,* for the plaintiff, said that the defence rested upon presumption of payment by lapse of twenty years. This presumption may be rebutted by evidence. Rev. Stat. c. 146, $. 25, is only in affirmance of the common law, and the rules of the common law must govern. The court in Massachusetts, with respect to a similar statute, so decided, and that the presumption might be rebutted by any evidence going to show, that the debt remained unpaid. *Denny* v. *Eddy,* 22 Pick. 533. This differs from the general statute of limitation, which creates a bar, unless a new promise is proved, and in writing.

The conversation stated by the plaintiff's son, between the plaintiff and defendant, is sufficient to rebut the presumption, and throw the burden of proof on the defendant to show payment. 8 Pick. 187; 16 Wend. 425; 3 Dane, c. 94, article 3.

He also contended, that the proof of inability on the part of the defendant to pay, was sufficient to rebut the presumption of payment.

*W. P. Fessenden,* for the defendant, said that the true question here was, whether the statute cited meant any thing, or not. The statute, he contended, amounted to this — that the lapse of twenty years is to be considered as evidence of payment, and changes the burden of proof to the other side, to show, that the debt has not been paid.

There must be shown a promise to pay, or a recognition of

the debt, or that the parties had been so situated, that there had been during the time, no opportunity to make payment.

He contended, that the conversation with plaintiff's daughter, and the declarations of others, were clearly inadmissible. He also insisted, that the evidence of poverty was inadmissible, and had no tendency to prove the issue. It would preclude a poor man from having any benefit from the statute.

The other evidence does not show either a promise to pay, or a recognition of the debt; and therefore, does not show, that the debt remained unpaid.

The opinion of the Court was drawn up by

WELLS J. — This is an action of debt, brought upon a judgment, by the plaintiff, as surviving partner. The judgment was rendered on the third Tuesday of June, 1825. The writ bears date June 1, 1846.

The defence is the presumption of payment, arising from the lapse of more than twenty years, since the rendition of the judgment.

The parties agree, that the Court may decide the case upon the evidence.

It appears from the evidence, that the defendant, in consequence of his poverty, existing nearly all of the time, since the judgment was rendered, has been unable to pay the debt, and by the deposition of the plaintiff's son, that about thirteen years ago, the defendant, being called on by the plaintiff, to " settle that old execution, which he had held so long against him," replied, " he would come up soon and do something about it." The precise answer made, could not be stated by the deponent, but he gives the purport of it. The residue of the testimony adds nothing material, to what has been already stated. By Rev. Stat. c. 146, § 25, a judgment " shall be presumed to be paid and satisfied, at the expiration of twenty years after any duty or obligation, accrued by virtue of such judgment," &c.

The act does not make the twenty years a bar, by limitation, but creates a presumption of payment. It is like the common

law provision, presuming a bond to be paid after the lapse of twenty years.

The statute furnishes a presumption of payment, commencing at a fixed and certain time.

Evidence is presumptive, when the fact itself is not proved by direct testimony, but it is to be inferred from circumstances, which necessarily or usually attend such facts. And a presumption can only be relied on, until the contrary is actually proved. 1 Phil. on Ev. 117. In *Denny* v. *Eddy*, 22 Pick. 533, it is decided, in the construction of a statute, similar to ours, that presumption of payment may be rebutted.

If the legislature had intended the presumption should stand, uncontrolled by evidence, it would have fixed an absolute bar of twenty years, by way of limitation, as it has done by § 11, of the same chapter, in relation to actions on contracts, not limited by any of the other foregoing sections, or any other law of the State.

Testimony then, tending to rebut the presumption, is admissible in evidence. But it may be difficult to find any judicial decision, which points out, with precision, the effect to be given to any one piece of evidence, entitled to consideration, in repelling a presumption. For such evidence must be *weigh-ed* by a jury, and the law cannot furnish any balance, by which to test its weight. It is a part of their duty, to determine it, for themselves.

In *Fladong* v. *Winter*, 19 Vesey, 196, Lord Eldon says, " taking this to be a case for the presumption, it may be met by evidence to satisfy a jury, that the debtor had not the *opportunity or means* of paying. The latter, I take to be the principle of *Wynne* v. *Waring*," which was a case, cited at the bar, as having been previously decided.

In *Hillary* v. *Waller*, 12 Vesey, 266, Lord Erskine says, upon twenty years, the presumption of payment will hold, " unless *insolvency, or a state approaching it*, can be shown, or that the party was a near relation, or the absence of the party having a right to the money, or something which repels the presumption, that a man is always ready to enjoy what is his own.

Brewer v. Thomes.

In *Oswald* v. *Leigh*, 1 D. & E. 148, Buller Justice says, " with regard to the rule of twenty years, where *no demand has been made* during that time, that it is only a circumstance for the jury to find presumption upon, and is in itself no legal bar." Again he says, that " this doctrine of twenty years presumption was first taken up by Lord Hale." In this he was followed by Lord Holt, who held, " that if a bond be of twenty years standing, *and no demand proved thereon*, or good cause of so long forbearance shown, on *solvit ad diem*, he should intend it paid."

In *Clark* v. *Hopkins*, 7 Johns. R. 555, it is said by the court, that it has been decided, that after eighteen or twenty years, a bond will be presumed to have been paid. The obligee ought to show *a demand* of payment, and an *acknowledgment* of the debt, within that time, to rebut this presumption.

Where the mortgagee has never entered into possession of the mortgaged premises, twenty years *without any demand*, or any interest having been paid, has always been deemed a sufficient length of time to warrant the presumption of satisfaction. *Jackson* v. *Wood*, 12 Johns. R. 242 ; *Giles* v. *Barremore*, 5 Johns. Chan. R. 545. *Howland* v. *Shurtleff*, 2 Metc. 26, establishes a similar principle.

In *McLellan* v. *Crofton*, 6 Greenl. 334, the instruction given to the jury was, that mere poverty did not rebut the presumption, but that the debtor's absence from the country, during the twenty years, was sufficient for that purpose. The presumption having been rebutted by absence, it was not material to inquire, whether the instruction as to the poverty of the debtor was correct. Both facts existed, and the court cite authorities, to show that poverty and absence from the State, did repel the presumption.

Insanity and poverty, poverty and absence from the State a number of years, are circumstances, repelling the presumption. 3 Dane, c. 94, art. 3. Such circumstances are evidence, to be submitted to a jury.

In the present case, there are three circumstances, tending to repel the presumption, established by the statute.

1. The poverty of the debtor.
2. A demand of payment.
3. The answer made to the demand.

The question is not, whether either of these circumstances *alone* is sufficient to remove the defence, but, sitting as a jury, ought we to be satisfied upon them all, that the presumption is repelled. Although if the case were presented to a jury, and only one of these circumstances existed, there could be no legal ground for refusing to allow it to be laid before them for their consideration.

It is true that a poor man may pay a small debt, but the improbability, that he has paid it, increases in proportion to the magnitude of the debt, and the extremity of his poverty.

A demand of payment may be made, when the debt has actually been paid, but a reply, that the debt had been paid, would impair the force of the demand. In the cases which have been cited, much stress is laid upon the want of a demand, in creating the presumption. If it could spring up, through the want of a demand, surely it might be repelled by making one. The presumption seems to have its origin in the dormant state, and want of vigilance on the part of the creditor. The expression used in 4 Bur. 1963, "bonds, which have lain dormant, are presumed to be satisfied, after twenty years," and similar expressions in other cases, indicate a want of activity on the part of the creditor, as giving rise to the idea of payment. When a debt is due, it accords with ordinary experience, that the creditor will exert himself to collect it ; if he remits all efforts for twenty years, the inference arises, that the debt is not due, that it has been paid, or that certain equities exist between him and the debtor, precluding a collection of it. A demand is evidence, the effect of it to be determined by the jury.

When the defendant was called upon to settle the execution he did not deny the existence of the debt, but promised to do something about it. He employed the usual language of procrastination ; the fair import of it is, that he is a debtor, and that he will soon do something to discharge his debt. Here

then is an implied admission of an obligation to do something, manifested by a promise. From the promise to do something, it is to be inferred, that the person making the promise, is bound to do it. Although the meaning of the defendant may be considered obscure, and not clear and positive, yet he does not deny the debt, but declares his disposition to act in relation to it. His answer is responsive to the request, to settle the execution.

Taking all the circumstances together, the mind is impressed with a satisfactory belief, that the debt is due, and that the presumption of payment, is repelled by the evidence. Such, we believe, ought to be the verdict of a jury upon these facts, and in our opinion, the defendant must be defaulted.