BENJAMIN F. DEFORD, Executor of Benjamin DeFord, deceased,
who was the survivor of B. DeFord & Sons, *vs.* THOMAS
GREEN, late trading as Thomas Green & Co.

New Castle County, November Term, 1894.

**Pleading. Practice.**—The Court will, upon motion of plaintiff, order memoran-
dum pleas of payment, satisfaction and release to be drawn out.

**Same.**—Set-off and act of limitations are not proper pleas to a *scire facias* on a
judgment, and will be stricken off on motion.

**Presumptive Payment.** Where a debt due by specialty, has not been demanded
by the plaintiff, or acknowledged or recognized by the defendant for twenty
years, and nothing shown to account for the delay, the debt is presumed to have
been fully paid and satisfied.

**Same. Rebutted.** Presumptive payment may be rebutted by an admission of the
existence of the debt, and that it is due and unpaid, by the insolvency of the
defendant or by the absence of the defendant from the State.

This was a *scire facias* to the May term, 1894, upon a judg-
ment entered September 30, 1854, for the real debt of $3,291.70.
A *fi. fa.* had been issued to the November term, 1854.

The pleas were *nul tiel record,* payment, satisfaction, set-off,
act of limitations.

*Thomas Davis,* for the plaintiff, moved for an order upon the
defendant to draw out the pleas of payment, satisfaction and re-
lease, and that the pleas of set-off and act of limitations be stricken
from the record.

The court therefore ordered that the pleas be drawn out.

*Nields,* for the defendant, then drew out and filed the pleas as
follows :

The defendant comes and defends, etc., and says that after the
said judgment was recovered and before action he satisfied and dis-

charged the said judgment by payment, and this said defendant is ready to verify.

Because he says that after the judgment was recovered and before action, to wit, October 23, 1855, he delivered to the plaintiffs in their lifetime, and the said plaintiffs accepted and received from the defendant the promissory note of C. Flanigan, dated September 28, 1854, at four months, for fifty dollars; the promissory note of David Shipps, dated September 10, 1854, for sixty-six dollars, and the promissory note of W. H. Thompson for eighty-eight dollars and forty-eight cents, and a large sum of money, to wit, the sum of three thousand dollars in satisfaction and discharge of the plaintiffs' claim.

Because he says that after the said judgment was recovered and before action the plaintiffs in their lifetime by their certain writing of release (which writing of release having been lost and destroyed by accident the defendant cannot produce the same to the Court here) released the defendant therefrom.

Because he says that the judgment is barred by the presumption of payment arising from the lapse of time from its recovery and before action; that defendant has not at any time within thirty-five years before action made any payment for or on account of the judgment or any part thereof, or in any manner admitted the existence of the debt or interest recovered therein, or that the same or any part thereof was due and unpaid.

After the above pleas had been filed the Court, on motion made, ordered the pleas of set-off and act of limitation to be stricken out.

*Davis*, for the plaintiff, then moved that either the plea of payment or the plea of presumption of payment should be stricken out, contending that counsel for defendant could not plead both.

The motion was denied.

The plaintiff proved a conversation between the defendant and one of the plaintiff's counsel in April or May, 1894. The

witness, who stated that he was the office boy of Mr. Davis, of counsel for the plaintiff, testified as follows  "Mr. Green said that he gave them some money and some notes, but he knew that he did not pay it in full, and that he knew he was in failing circumstances, and he closed out his business and left the State." On cross-examination, being asked to repeat, he said again : "Mr. Green did say that he gave them some money and some notes, but he did not pay them in full; that he was in failing circumstances and closed out his business, and he left the State."

The defendant, being called on behalf of the plaintiff, *A. B. Cooper*, for the plaintiff, asked that he might be allowed to examine the witness as if in cross-examination, but this was denied.

PER CURIAM : Since the enabling act making parties competent as general witnesses, if you put him on the stand you give him credit.

The testimony of the defendant was, in substance, that he left the State the year the judgment was given and was absent about ten years, returning shortly after the civil war, having been meanwhile a resident of the State of Connecticut. He did not leave immediately after the judgment was given, but thought that it was about a year afterwards.

*Nields*, for the defendant, moved for a non-suit upon the ground that the evidence was insufficient to rebut the presumption of law that the judgment was paid, and cited *Burton's Admr. vs. Comm.*, 5 Harring. 13; *Robinson's Admrs. vs. Milby*, 2 Houst. 396 ; *State vs. Lotle*, 3 Harring. 421 ; *Cloud's Admrs. vs. Temple Admr.*, 5. Houst. 587, 594; *Morrow's Admr. vs. Robinson et al.*, 4 Del. Ch. 532.

*A. B. Cooper* and *Thomas Davis, contra.*

The motion for a non-suit was refused.

The defendant was then called as a witness in his own behalf

and testified that prior to 1854 when the judgment was given he was in business with his father in the name of Thomas Green & Co., engaged in the sale of shoe findings in Wilmington. Being asked under what circumstances the judgment was given *Cooper*, for the plaintiff, objected.

The objection was sustained on the ground that the statute forbids the witness to speak unless called by the other side as to any expression by or transaction with the deceased.

The witness was further asked whether he left the State because of any indebtness to any one and the question was objected to as irrelevant and leading. The objection was sustained.

The witness further testified that he was not insolvent nor indebted to any one at the time he left the State; that on his return he purchased real estate. On being asked whether he had improved the property so purchased the question was objected to and the objection sustained. With reference to the conversation in the office of Mr. Davis as to which testimony had been introduced on behalf of the plaintiff, the defendant stated that at the time referred to he had said that the judgment was paid and he denied having made the statements attributed to him by the plaintiff's witness.

*Cooper* and *Davis*, for the plaintiff, submitted the following prayers for instructions and authorities in support of them.

1. That the legal presumption of the payment of a judgment after the lapse of twenty years from its date, is not conclusive, but may be rebutted and overcome by the proof of any other facts and circumstances, the legitimate tendency of which is to render it more probable than otherwise that payment, in fact has not been made.

2. That proof that the defendant was insolvent or unable to pay, that he acknowledged the judgment was not paid in whole or in part within twenty years from the issuing of the *scire facias*, or absence from the State of either party, has always been held in this State and elsewhere to be sufficient in themselves to rebut the pre-

sumption of payment, and so will proof of any other fact from which non-payment could reasonable be inferred. *Durham vs. Greenly Ex.*, 2 Harring. 124; 3 *id* 421, 423; *Farmers' Bank vs. Leonard*, 4 *id.* 536; *Burton's adm'r. vs. Cannon*, 5 *id.* 13; *Robinson's adm'r. vs. Milby's adm'r.*, 2 Houst. 387, 396, 397; *Cloud's adm'r. vs. Temple's adm'r.* 5 *id.* 587, 594; *Morrow vs. Robinson*, 4 Del. Chancery 521, 533; 1 Greenl. Ev. § 39; Freeman, Judgm. 464; 1 Mich. 179, 184; 10 N. Y. App. 177, 178; 136 Mass. 280; 28 Me. 81; *Grantham vs. Canaan*, 38 N. H. 268; 1 Johns. Ch. 313; 5 Pa. 435; 6 Me. 307; 16 Johns. 210, 214.

3. Much less proof is required in rebutting this presumption than to remove the bar of the statute of limitations, because the statute of limitations is a legal bar, while lapse of time raises only a presumption of payment in the absence of any proof to the contrary. Cases all show this: 46 Pa. 239; 122 *id.* 486; 109 *id.* 349; 121 *id.* 611; 7 W. & S. 70; 18 Am. & Eng. Encyc. Law 214.

4. The whole matter is simply a question of fact for the jury to be proven like any other fact by the weight of the testimony in the case. Wright (Ohio) 542; 5 Heiskell (Tenn.) 175; 1 Metc. (Ky.) 519; 5 Harring. 13.

5. That if the jury believe from the testimony that the defendant was unable to pay or acknowledged to Schaffner that the judgment had not been paid in full, the plaintiff is entitled to a verdict for such balance as has been shown to be due.

6. That the judgment having been entered in 1854 and Benjamin DeFord, the surviving partner, having died within twenty years thereafter, there was no presumption of payment at that time and coupled with the evidence of the executor that he, as sole representative of the testate, has not since been paid any portion of the judgment, rebuts the presumption and throws the burden of proof on the defendant to show payment, if he is to be believed.

This expressly rebuts the presumption by showing direct evidence of non-payment after the expiration of the twenty years.

7. The fact that the executor of B. DeFord was not a resident

of this State and had no knowledge of the existence of the judgment until 1893, coupled with the fact that he was acting in a representative character and could not have a knowledge of the existence of the judgment like the testate, would excuse any want of diligence on his part in forcing collection of the judgment, *a fortiori* the defendant being absent also. 2 Harring. 124 ; 4 *id.* 540.

*Nields*, for the defendant, submitted the following as the defendant's prayer for instructions and authorities.

1. If the jury believe that the defendant for twenty years and more prior to the bringing of this action had the means to satisfy the amount claimed under the judgment and the plaintiff neglected to make any demand or to take any steps for its collection, then there is no evidence in this case of defendant's insolvency or embarrassed condition to rebut the presumption that the judgment has been fully paid and satisfied.

2. If the jury shall believe that the defendant has resided in the City of Wilmington within this State for twenty years and more prior to the bringing of this action, then there is no evidence in this case of defendant's absence from the State to rebut the presumption that this judgment has been fully paid and satisfied.

3. That if the jury shall believe that the amount claimed on the judgment has not been demanded by the plaintiff for thirty years and more after the execution of said judgment, or acknowledged by the defendant for twenty years and more prior to the bringing of this action, and nothing is shown to account for the delay, the judgment is presumed to have been fully paid and satisfied and the jury are bound to render a verdict for the defendant.

4. That unless the jury believe the defendant within twenty years prior to the bringing of this action acknowledged the judgment as a subsisting debt or admitted the justness of the claim, and that it was still due the plaintiff is not entitled to recover ; *Farmers' Bank vs. Leonard*, 4 Harring. 536, 539 ; *Robinson's Admr. vs. Milby's Admr.*, 2 Houst. 396 ; *Cloud's Admr. vs. Temple's Admr.*, 5 Houst. 594 ; *McDermott vs. McCormick*, 4 Harring. 543, 545 ; *Burton vs. Robinson*, 1 Houst. 266 ; *State vs. Lobb*, 3 Harring. 222.

LORE, C. J., (charging the jury).

This a *scire facias* sued out by Benjamin F. DeFord, executor of Benjamin DeFord, the surviving partner of B. DeFord & Sons, to revive a judgment entered against Thomas Green, the defendant.

The judgment was entered on the 30th day of September, 1854, by virtue of a warrant of attorney, for the real debt of $3,291.70, with interest from September 30th, 1854.

So that at the time the *scire facias* was issued May 11th, 1894, the judgment was over thirty-nine years old.

This judgment could not be enforced by execution until revived by *scire facias*. The purpose of this *scire facias* is to revive the judgment.

The plaintiff claims that there is an unpaid balance due on the judgment of $1,932.29, with interest from September 30th, 1854.

The defendant claims that the judgment is paid and relies in support of this contention; first, upon presumptive payment from the lapse of time the judgment being, as he alleges, notes thirty-nine years old; second, upon actual payment by notes and money delivered in the lifetime of the original plaintiff.

The law governing this case as we understand it, is well settled. The decisions of our own courts are so lucid and exact, as to leave no room for question.

If you are satisfied by the preponderance of proof in this case, that the judgment was actually paid in notes and money as claimed, there is an end of the suit and the defendant is entitled to your verdict.

If not so satisfied as to actual payment, you should then consider the proof of presumptive payment. On this point you must bear in mind, that this judgment was thirty-nine years old when the *scire facias* was issued.

" It is a well established rule of law, that where a debt due by specialty, has not been demanded by the plaintiff, or acknowledged or recognized by the defendant for twenty years and nothing shown to account for the delay, the debt shall be presumed to have

been fully paid and satisfied. If the presumption is not repelled by sufficient legal evidence, it becomes absolute and conclusive; and the jury are bound to render a verdict for the defendant, although they may individually believe that the debt has not been paid.

"This rule is founded on the common experience of the conduct of men in relation to the transaction of business, and was intended for the security and repose of society, by discouraging suits for stale demands, and discouraging the laches and negligence of parties in delaying to prosecute their claim, for an unreasonable length of time, when they had the means and opportunity of enforcing them.

"This rule was also intended for the protection of the debtor, whose receipts or vouchers may perhaps be lost; or witnesses be dead or removed; or the true state of the transaction be otherwise obscured by the lapse of time. It is better for the peace and repose of society, and the ends of justice, that the presumption arising from the lapse of time should be adhered to, and not be easily rebutted, although in many cases, it may be contrary to the actual truth."

Although this rule is well established, it is equally well settled that in all cases the presumption of payment arising from the lapse of time may be rebutted by countervailing evidence which satisfies the minds of the jury that the debt is still due and unpaid. *Farmers' Bank vs. Leonard,* 4 Harring. 539.

Under this ruling this judgment, being thirty-nine years old, is presumed to be paid, and your verdict should be for the defendant, unless this presumption is repelled by satisfactory evidence that it is still due and unpaid.

The plaintiff claims that he has such evidence in the acknowledgement of the defendant.

Such evidence, under our decisions, may consist, as expressed by Judge Booth, in the *Farmers' Bank vs. Leonard,* 4 Harring. 540, "of an unconditional and unqualified acknowledgement or admission, either express or implied, on the part of the defendant

within twenty years of the justness of the claim and that it is still due"; or by Judge Gilpin in *Robinson's Adm'r. vs. Milby's Adm'r.*, 2 Houst. 396, "Recognition of acknowledgment of it within twenty years as a subsisting debt"; or by Judge Wootten in *Cloud's Adm'r. vs. Temple's Adm'r.*, 5 Houst. 594, "An admission of the existence of the debt, and that it is due and unpaid."

It is for you to say from the evidence whether any such acknowledgment had been made by the defendant in this case.

The presumption of payment may also be rebutted by the insolvency of the defendant or by the absence of the defendant from the State. In such case, however, insolvency or absence must apply to the last twenty years. For if the defendant has during that time been in the State and possessed of sufficient property the presumption remains.

The presumption of payment may also be removed by such other facts and circumstances, when proved, as would render payment so improbable that you would be constrained by the evidence to believe the debt is not paid.

Applying the law thus stated you are to determine from the evidence, whether this judgment has been paid or not.

If you are satisfied from such evidence that it has been actually paid, or that the presumption of payment from the great lapse of time, has not been satisfactorily rebutted, your verdict should be for the defendant.

If you are satisfied it was not paid your verdict should be for the plaintiff and for such amount as from the proof you are satisfied is still due and unpaid.

*Verdict for the defendant.*