Louis L. Friedman, J.
The defendants move for a change of venue from Kings County to Monroe County. The action is brought for rent, and the premises for which said rent is sought is located in Bochester, N. Y., which is in the County of Monroe. The plaintiff has its principal office and place of business in Kings County and the action was commenced in this *515 Court because jurisdiction could not otherwise be obtained of the defendants, if the action had been brought in a lower court. Although the court is cognizant of the fact that the tenants, who are the defendants herein, all reside in Rochester, that the premises for which rent is sought is in Rochester, and that the managing agent of the plaintiff who collects the rent in behalf of said plaintiff is also in Rochester, such facts do not permit the transfer to be made. Section 182 of the Civil Practice Act permits a plaintiff to commence an action in the county in which he resides or has his principal place of business, and since plaintiff may by this section of the Civil Practice Act choose the forum, under the restrictions set forth in said section, and has properly chosen the forum and the venue where the action is to be brought, the court may not interfere with that right.
The court rejects the contentions by the defendants that this action must be brought in Monroe County because it affects the title to real property. This is simply an action for rent, and the affirmative defense interposed by the defendants to the effect that there has been a surrender and acceptance, and therefore a cancellation of the existing lease, does not change the status of the action. An action for rent is a transitory action and need not be tried in the county where the real property is located. (See 36 C. J., Landlord and Tenant, p. 289, § 1048; Dusenbury v. Hume, 134 Misc. 861; Bailey v. Jackson, 16 Johns. 210.) In volume 36 Corpus Juris (p. 289, § 1048) it is stated: “ Rents which have become due constitute mere choses in action, and are personal property.”
It may be that the defendants, upon a proper showing, will be able to justify a change of venue on the ground of convenience of witnesses, but the moving papers before the court are insufficient to permit relief on that ground. The motion for a change of venue is, therefore, denied without prejudice to an application based on the ground of convenience of witnesses. Submit order.